**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARSHALL CHARLES RICHMOND, | No.   22-35568 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-00866-HZ |
| v. | |
| MICHAEL REESE, Multnomah County Sheriff; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted July 17, 2023[**]
San Francisco, California

Before:  HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Oregon state prisoner Marshall Richmond appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review "legal rulings on exhaustion de novo," *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc), and we reverse and remand.

Failure to exhaust is an affirmative defense under the Prison Litigation Reform Act, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). In general, "the proper procedural device for determining whether administrative remedies have been exhausted is a summary judgment motion." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). In the "rare case" where a prisoner's failure to exhaust is apparent "from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim." *Albino*, 747 F.3d at 1169. Here, the district court erred by dismissing Richmond's complaint under Federal Rule of Civil Procedure 12 where the failure to exhaust was not clear from the face of the complaint. Richmond checked a box on the prisoner complaint form indicating that he had exhausted administrative remedies, and the two letters from a third-party tort claim specialist attached to the complaint do not suffice to show that Richmond failed to file a grievance in this action. Indeed, there is no indication in the record that Richmond did not file a grievance and also seek the advice of the tort claim specialist. We reverse and remand for further proceedings.

**REVERSED AND REMANDED.**